IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Ahmed Ali Al-Asadi, *et al.* <br><br> *Petitioners,* <br><br> v. <br><br> George W. Bush, *et al.,* <br><br> *Respondents.* | 1:05-CV-02197 (HHK) <br><br> MEMORANDUM IN SUPPORT OF MOTION FOR WRIT OF HABEAS CORPUS, OR IN THE ALTERNATIVE, AN ORDER TO SHOW CAUSE |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE OF A WRIT OF *HABEAS CORPUS* OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE**

Petitioner Mohammed Ahmed Ali Al-Asadi, through his Next-Friend and undersigned counsel, relies on the following points and authorities in support of a motion requesting this Court to immediately issue a writ of habeas corpus, pursuant to 28 U.S.C. § 2243, returnable in three days, so as to proceed to a hearing on the merits. Alternatively, Petitioner Al-Asadi seeks the immediate issuance of an order to show cause, also returnable in three days by the Respondents, on why a writ of habeas corpus should not be granted. In support of the motion, Petitioner Al-Asadi shows the following:

**Factual Background**

Petitioner Al-Asadi is a prisoner at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). On information and belief, he has been imprisoned by the United States for approximately three and a half years. During that entire time, he has been held virtually *incommunicado*.

On November 9, 2005, undersigned counsel filed a Petition for Writ of *Habeas Corpus* (the "Petition") (Dkt. No. 1) on behalf of Petitioner Al-Asadi and through his Next-Friend. The

Petition describes Petitioner Al-Asadi's detention and inhumane treatment in violation of the constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and binding principles of customary international law. The Petition contests the fact of Petitioner Al-Asadi's detention and inhumane treatment intimately tied to his ability to challenge that detention.

### The Immediate Issuance of a Writ of Habeas Corpus or Order to Show Cause, Returnable in Three Days, is Appropriate.

Issuance of the writ of habeas corpus, or an order to show cause, is appropriate. Pursuant to 28 U.S.C. § 2243 (2005), "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto."

Petitioner Al-Asadi is entitled to challenge his detention at Guantánamo; the United States Supreme Court has so determined. *Rasul v. Bush*, 542 U.S. 466, 485, 124 S. Ct. 2686, 2699 (2004). Moreover, the Supreme Court has stated that "§2241 and its companion provisions [including §2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal habeas review." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S.Ct. 2633, 2644 (2004). Accordingly, Petitioner respectfully suggests that this Court is required to immediately issue either a writ of habeas corpus or, alternatively, order the Government to show cause why the writ should not be granted.

The Government should be required to file a Return in three days. A writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. §2243; *see Simspon v. Ortiz*, 995 F.2d 606, 609 (5th Cir.), *cert. denied*, 510 U.S. 983 (1993) (district court complied with the "forthwith"

requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge). As such, undersigned counsel respectfully requests that the writ or the order to show cause be returnable within three days as there is no good cause for further delay.

The Government has had ample time to prepare in this matter and needs no further delay. The original petition was filed on November 9, 2005. Respondents were served notice of the petition, pursuant to FRCP 4(i), on the same day. As well, Respondents were also individually served by U.S. mail. Given their experience litigating the many other Guantánamo Bay detainee cases, the Government needs no additional time.

In fact, a three day return is especially appropriate, because Respondents are in full and ready possession of the alleged factual basis for Petitioner Al-Asadi's detention. On information and belief, the Government has interrogated Petitioner Al-Asadi on numerous occasions during his approximate three and half year detention and is well aware of the alleged factual basis for his continued imprisonment. The Government has acknowledged the Department of Defense's "military tribunal" hearings at which all Guantánamo Bay detainees'—including presumably Petitioner Al-Asadi's—combatant status and detention were reviewed. *See U.S. to Release 3 Guantánamo Detainees* (Reuters), Feb. 4, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before [Judge] Green ruled" on January 31, 2005; Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as follows: "It's a matter of processing the paperwork now because the tribunals have all occurred.").

Thus, there is no practical basis for the Government to claim that it needs more time to comply with the Supreme Court's directive to allow Petitioner Al-Asadi to test the basis for his detention. The Government has already evaluated the combatant status of Petitioner Al-Asadi,

which presumably included a review of the Government's factual evidence in favor of petitioner's detention. Thus, the Government is already in ready possession of the compiled factual basis for Petitioner Al-Asadi's detention. Any extra time is not needed.

### Respondents Should Include a Factual Return Regarding the Basis for Petitioner Al-Asadi's Detention in their Return to this Court's Writ or Order to Show Cause.

As part of the their Return to the writ or order to show cause, Respondents should produce a factual return regarding the basis for Petitioner Al-Asadi's detention. Such factual returns have been ordered in many other Guantánamo detainee cases. *See e.g. Abdulla Thani Faris Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005) ("[F]actual returns appear necessary for petitioners' counsel [to] effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information").[1] Petitioner's undersigned counsel's need for the factual return outweighs the minimal administrative burden of production on government Respondents. *See Al-Oshan*, 2005 U.S. Dist. LEXIS 6631, 3-4. As such, Petitioner respectfully requests this Court to explicitly require such a factual return.

### The Facts in this Case Require that the Matter be Handled Expeditiously.

Habeas claims should always receive "a swift, flexible, and summary determination," *Preiser v. Rodriguez*, 411 U.S. 475, 495 (1973); however, the facts in this case require especially expeditious adjudication. Based on information obtained from former prisoners at Guantánamo Bay who have been released, there is a strong likelihood that Petitioner Al-Asadi has been

---

[1] *See also, e.g., Al-Oshan v. Bush*, 2005 U.S. Dist. LEXIS 6631, 3-4 (D.D.C. 2005) (holding "the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients."); *Ahmed v. Bush*, 2005 U.S. Dist. LEXIS 14024, 5-6 (D.D.C. 2005); *Mokit v. Bush*, 374 F. Supp. 2d 106 (D.D.C. 2005); *and Kurnaz v. Bush*, 2005 U.S. Dist. LEXIS 6560, 3-4 (D.D.C. 2005) (Ordering production of a factual return "to ensure that the proceedings can continue in an orderly fashion"; and collecting similar cases "*see Al-Marri v. Bush*, 2005 U.S. Dist. LEXIS 6259, No. 04-2035 (D.D.C. Apr. 4, 2005); *Al-Joudi v. Bush*, 2005 U.S. Dist. LEXIS 6265, No. 05-0301 (D.D.C. Apr. 4, 2005); *Al-Shiry v. Bush*, 2005 U.S. Dist. LEXIS 6636, No. 04-0490 (D.D.C. Apr. 1, 2005); *Abdah v. Bush*, 2005 U.S. Dist. LEXIS 4942, 2005 WL 711814 (D.D.C. Mar. 29, 2005).").

subjected to cruel and degrading treatment at the express direction of United States officials. *See* Shafiq Rasul, Asif Iqbal & Rhuhel Ahmed, *Composite Statement: Detention in Afghanistan and Guantanamo Bay*, at 300, at http://www.ccr-ny.org/v2/reports/docs/Gitmo-compositestatementFINAL23 july04.pdf).[2]

As well, press reports also reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Suicide Attempts Rise to 31* (AP), August 20, 2003. On information and belief, the health and mental condition of the Detained Petitioners will be placed at risk if their incarceration is allowed to continue without review and remedial measures ordered by this Court. *See, e.g., Detainees Accuse Female Interrogators* (Washington Post), Feb. 10, 2005, at A1 (noting how female interrogators, among other things, pretended to smear menstrual blood on Muslim men before they intended to pray). Accordingly, there is no reason to delay, and much reason to expedite, the issuance of the writ or an order to show cause why the writ should not be granted.

## Conclusion

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioners respectfully request that this Court immediately issue either a writ of *habeas corpus* or an order to show cause to the Respondents, either of which should then be ordered returnable within three days of this Court's issuance.

---

[2] Further, it is likely that this mistreatment was for the purpose of obtaining from Petitioner Al-Asadi information and confessions, a practice that directly contravenes applicable domestic, military and international law. To wit, FBI documents describe Guantánamo prisoners shackled in a fetal position on the floor for up to 24 hours and left in their own urine and feces. *See Military Extends Guantánamo Abuse Probe* (Reuters), February 2, 2005. *See also id.* ("Several former prisoners have said they were beaten, threatened with dogs and subjected to freezing temperatures, and the International Committee of the Red Cross has said their treatment was 'tantamount to torture.'"); *Videos Show Guantánamo Prisoner Abuse* (AP), February 1, 2005 "Videotapes of riot squads subduing troublesome terror suspects at the U.S. prison camp at Guantánamo Bay show the guards punching some detainees, tying one to a gurney for questioning and forcing a dozen to strip from the waist down, according to a secret report.").

Dated: November 17, 2005

Respectfully submitted,

Counsel for Petitioners:

Barbara J. Olshansky (NY0057)
Director Counsel
Tina M. Foster (TF5556)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6414