IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED AHMED ALI AL-ASADI,** et al. ) <br>  Petitioners ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> **GEORGE W. BUSH**, et al. ) <br> ) <br> ) <br>  Respondents ) | UNOPPOSED <br> JOINT MOTION FOR <br> SUBSTITUTION OF COUNSEL <br> AND APPOINTMENT OF <br> FEDERAL DEFENDERS OF <br> SAN DIEGO <br><br> No: 05cv2197-HHK <br><br> JUDGE HENRY H. KENNEDY, JR. |

**JOINT MOTION FOR SUBSTITUTION OF COUNSEL AND APPOINTMENT OF
FEDERAL DEFENDERS OF SAN DIEGO**

On November 9, 2006, Petitioners, Mohammed Ahmed Ali Al-Asadi and his brother, Hafizullah Ali Al-Asadi, as Next Friend, filed a habeas petition in this Court. Counsel for Petitioners is currently the Center for Constitutional Rights, who is also of counsel and directly representing several other petitioners in related cases before the District of Columbia District Court and the United States Court of Appeals for the District of Columbia.

By order of Chief Judge Thomas Hogan on October 5, 2005, Federal Defenders of San Diego also currently represents by appointment three separate petitioners in related cases before the District of Columbia District Court. Two of the petitioners represented by Federal Defenders are from the same country of origin as the Petitioners in the instant case, the Republic of Yemen.

Upon consultation between the Center for Constitutional Rights and Federal Defenders of San Diego, both counsel have agreed that substitution of Federal Defenders as counsel for Petitioners is in the best interest of Petitioners as well as the conservation of judicial resources.

Federal Defenders has communicated with counsel for the government, who is unopposed to this motion. Federal Defenders therefore requests appointment pursuant to the same authority exercised by Chief Judge Hogan in his appointment order of October 5, 2005.[1]

A.  **Substitution of Counsel**

Substitution of counsel in the pending action is appropriate for a number of reasons. To begin, Federal Defenders of San Diego already represents two other Guantanamo detainees who are Yemeni nationals in case numbers 05-cv-999-RBW and 05-cv-1312-RJL. With respect to the investigation and preparation of these cases, attorneys and an investigator from Federal Defenders traveled to Yemen at the end of January 2006 for approximately two weeks. During that time, Federal Defenders met with the families of those petitioners. They were also able to meet with the family of Petitioners in the instant case, including next friend Petitioner Hafizullah. In addition to conducting investigation for the instant case, Federal Defenders was able to establish contacts with several witnesses, non-governmental aid organizations, as well as government officials in Yemen that will assist in the representation of all three Yemeni detainees. Considerable resources will be saved because of this investigation and establishment of permanent contacts in Yemen. Resources similarly will be preserved upon visitations with the detained petitioners at Guantanamo, as these visits will not require separate trips with accompanying expenses. Finally, substitution is appropriate in the instant case because it will allow the Center for Constitutional Rights to better marshal its limited resources in continuing to coordinate the smooth resolution of numerous issues in the related Guantanamo detainee cases.

---

[1] Based upon the erroneous belief that the substitution of counsel had already been accomplished, Federal Defenders, already (prematurely) filed Notices of Appearances in this case. These can be withdrawn and refiled or remain on file if this substitution is granted.

With respect to the timing of the substitution motion, both counsel agree that it is appropriate to grant this motion prior to Federal Defenders' visitation with its other clients in Guantanamo over the next several months. This will relieve any uncertainty as to who Petitioners' counsel will be and better facilitate our communications with him about the status of his case. Moreover, the assignment of Federal Defenders to this case has already been authorized by Petitioner Hafizullah Al-Asadi. Specifically, on January 29, 2006, Petitioner Hafizullah prepared a signed authorization as Next Friend for Federal Defenders to act on his behalf and Petitioner Mohammed Ahmed Ali Al-Asadi's behalf with respect to the pending legal action. See Exhibit A (authorization of Hafizullah Al-Asadi). Counsel therefore jointly agree that immediate substitution of Federal Defenders is appropriate.

**B.    Appointment of Federal Defenders**

As noted above, Federal Defenders of San Diego was appointed to represent three separate Guantanamo detainees by order of Chief Judge Hogan on October 5, 2005. See Exhibit B (10/5/2005 Order). Federal Defenders have been allowed by that order to appear in this Court pursuant to LCvR 83.2(e), and pursuant to that order and LCvR 5.4(b), they have already obtained the necessary CM/ECF passwords from the Clerk to file documents and receive opinions and orders electronically. Appointment is appropriate in the instant case for the same reasons that Federal Defenders of San Diego was appointed in the three other related cases. Petitioners are indigent, access to counsel is limited at Guantanamo, Federal Defenders already has invested considerable time and resources into the related cases of two other Yemeni detainees with similar legal and factual issues, and limited judicial resources will be conserved by the coordinated litigation of these cases by Federal Defenders.

3

Moreover, appointment is appropriate under the terms of the Criminal Justice Act, specifically under § 3006(a)(2)(B) which provides for appointment of counsel whenever "the interests of justice so require" for any financially eligible person who is "seeking relief under section 2241, 2254, or 225 of Title 28." The petitioners' claim under § 2241 in the instant case thus fall within the plain language of the CJA. Appointment is appropriate as both the interests of justice and Petitioners' limited financial resources warrant it. In fact, in a decision on this very point, a Judge of this Court found that the Guantanamo detainees have the right to counsel and that the CJA authorizes the use of public funds to appoint counsel to habeas petitioners detained at Guantanamo. Al Odah, et. al. v. United States, Civ. No. 02-828 (CKK), slip op. at 10-13 (D.D.C. Oct. 20, 2004). Al Odah is indistinguishable from the instant case. For the reasons set forth in that opinion and stated herein, the Court should appoint Federal Defenders to Petitioners' as counsel of record.

### 1. The interests of justice require appointment.

The facts and circumstances of this case establish powerful reasons why counsel should be appointed. Petitioner's claim is far from frivolous. He is not merely attempting to challenge the conditions of his confinement; nor is he waging a collateral attack on a conviction or sentence that a judge or jury has already weighed and determined. He brings his habeas petition because the government has deprived him of his freedom for some four years without charging him with any offense or affording him with any process whatsoever. See Al Odah, slip. op. at 12 ("petitioners in the instant case have clearly presented a nonfrivolous claim. They have been detained virtually incommunicado for nearly three years without being charged with any crime.") Such an indefinite deprivation of rights is undeniably severe and is directly in violation of the Constitution, laws, and treaties of the United States:

> Petitioners' allegations – that, although they have engaged neither in combat nor in acts of terrorism against the United States, they have been held in Executive detention for more than two years in territory subject to the long term, exclusive jurisdiction and control of the United States, without access to counsel and without being charged with any wrongdoing- unquestionably describe "custody in violation of the Constitution or laws or treaties of the United States."

Rasul v. Bush., 124 S. Ct. 2686, 2698 n.15 (2004).

These are precisely the kinds of significant liberty interests the CJA was designed to protect. Indeed, short of execution, it is difficult to imagine a deprivation of liberty greater than the indefinite detention at issue here.

Moreover, the assistance of counsel is essential in this case in order to wade through the legal complexities it engenders. In determining legal rights and duties in other habeas cases brought by detainees at Guantanamo, the courts have considered significant, ground-breaking issues of constitutional jurisprudence, statutory interpretation, executive power, sovereignty, national security, and jurisdiction – issues that legal scholars are likely to continue dissecting and analyzing long after all the individual cases brought by the detainees are decided. See, e.g., Rasul, 124 S. Ct., *passim*. Given the similarities of facts and circumstances, the same legal issues are likely to arise in this case. To expect Petitioner to understand these complex issues without access to counsel – or even a law library- is unrealistic. See Al Odah, slip. op. at 12 ("[I]t is simply impossible to expect petitioners to grapple with the complexities of a foreign legal system and present their claims to this Court without legal representation.").

Furthermore, Petitioner lacks the resources with which to investigate the government's claims or to challenge any alleged justification for his detention. He is a foreign national with little, if any, understanding of the English language, and no exposure whatsoever to the American legal system. He has also been detained in a highly secretive environment, for a

5

period of years, with minimal access to the outside world. Under these circumstances it would be virtually impossible for him to develop evidence in his defense without assistance. *Id* at 13 (exercising discretion under the CJA to appoint counsel to Guantanamo petitioners) .

### 2. Petitioner is financially eligible for appointment of counsel.

The CJA provides for the appointment of counsel to otherwise qualified individuals who are "financially unable to obtain adequate representation." 18 U.S.C. § 300A(a). Mr. Al-Asadi has been in detention at Guantanamo for some four years. As a result of his detention, he is unable to seek employment or earn income of any kind. His mother recently has become very ill and is cared for and living with Petitioner Hafizullah who is a man of limited means with no assets of value. Based upon these facts Petitioners are financially eligible for appointed counsel pursuant to the terms of the statute.

## RELIEF REQUESTED

For all of these reasons, Petitioners and counsel jointly request that this Court substitute Federal Defenders of San Diego for the Center for Constitutional Rights as counsel in the instant case, and appoint Federal Defenders to this action.

Dated: March 10, 2006

                                          Respectfully submitted,

                                            /s/
                                        Barbara J. Olshansky (NY0057)
                                        Director Counsel
                                        Tina Mohshipour Foster (TF5556)
                                        Gitanjali Gutierrez (GG1234)
                                        CENTER FOR CONSTITUTIONAL RIGHTS
                                        666 Broadway, 7th Floor
                                        New York, NY 10012
                                        Tel: (212) 614-6439
                                        Fax: (212) 614-6499

                                        Counsel for Petitioners

                                           /s/
                                        SHEREEN J. CHARLICK (CA147533)
                                        ZAKI ZEHAWI (CA 216485)
                                        Federal Defenders of San Diego, Inc.
                                        225 Broadway, Suite 900
                                        San Diego, California 92101-5008
                                        Telephone: (619) 234-8467

**CERTIFICATE OF SERVICE**

I, Marie Acuna, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

> The Honorable Alberto Gonzales
> United States Attorney General
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C.  20530
>
> The Honorable Kenneth L. Wainstein
> United States Attorney for the District of Columbia
> 555 4th Street, N.W.
> Washington, D.C.  20530
>
> Andrew I. Warden
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW
> Washington, DC 20530
>
> Terry Marcus Henry, Esq.
> U.S. Department of Justice
> P.O. Box 883
> 20 Massachusetts Ave., NW, Suite 7144
> Washington, DC 20044

This 10th day of March, 2006.

                                            /s/ Marie Acuna
                                            Marie Acuna