# IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **MOHAMMED AHMED ALI AL-ASADI**, ) | |
| ) | |
| **HAFIZULLAH AHMED ALI AL-ASADI**, ) | |
| Next Friend of Mohammed Al-Asadi ) | |
| ) | |
| Guantánamo Bay Naval Station, ) | |
| Guantánamo Bay, Cuba ) | |
| Petitioner ) | |
| ) | |
| v. ) | |
| ) | Case No. 05cv2197-HHK |
| **GEORGE W. BUSH** ) | **To Be Heard by Magistrate Judge** |
| ) | **Kay Under LCvR 72.2(a) and Nov.** |
| ) | **November 2, 2005 Order in** |
| President of the United States ) | **05-2104 (CKK)** |
| The White House ) | |
| 1600 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20500; ) | |
| ) | |
| **DONALD RUMSFELD** ) | |
| Secretary, United States ) | |
| Department of Defense ) | |
| 1000 Defense Pentagon ) | |
| Washington, D.C. 20301; ) | |
| ) | |
| **ARMY BRIG. GEN. JAY HOOD** ) | |
| Commander, Joint Task Force - GTMO ) | |
| APO AE 09360; and ) | |
| ) | |
| **ARMY COL. MIKE BUMGARNER** ) | |
| Commander, Joint Detention ) | |
| Operations Group - JTF-GTMO ) | |
| APO AE 09360, ) | |
| ) | |
| Respondents ) | |
| ) | |

_____

## REPLY TO RESPONDENTS' NOTICE REGARDING PETITIONERS'
## MOTION FOR ENTRY OF PROTECTIVE ORDER

NOW COMES Petitioner, by and through undersigned counsel, and files this motion replying to Respondents' Notice Regarding Petitioners' Motion For Entry Of Protective Order. On May 10, 2006, Petitioner filed a Motion Seeking Entry Of The Protective Order And Seeking Status Conference Or Hearing On Motion with this court.

On May 25, 2006, rather than responding substantively, Respondents' filed a Notice Regarding Petitioners' Motion For Entry Of Protective Order.  In that notice, Respondents state "[b]ecause the Court has stayed 'all action' in this case, absent further direction from the Court, respondents do not intend to submit a substantive response to petitioners' request for relief at this time."  [Resp 1][1].

Failure to enter the protective order which will serve only to allow access to a client detained incommunicado since somewhere around 2002[2] is consistent with other courts in this districts' actions in identical cases.  Many other courts have extended the protective order pursuant to petitioner's motions even post-passage of the Detainee Treatment Act ("DTA").  Failure to allow counsel access to petitioner would also render this court's order allowing appointment of counsel to be null and void -- a result inconsistent with this court's apparent intent and inconsistent with 18 U.S.C. § 3006, the Criminal Justice Act (providing that courts should appoint counsel when such appointment will serve the ends of justice).

Finally, because the Respondents have not complied with the Local Rules of the U.S. District Court for the District of Columbia which govern the filing of motions, this court should now grant Petitioner's Motion Seeking Entry Of The Protective Order And Seeking Status Conference Or

---

[1]Respondents' Notice Regarding Petitioners' Motion For Entry Of Protective Order("Resp").

[2]Since counsel have had no access to Mr. Al-Asadi, the most basic information, such as the date of his arrival in detention is unknown.  According to court records the United States Military began transporting individuals to Guantanamo around that time.  See Docket Entry 1, p.8.

Hearing On Motion or, in the alternative, order the Respondents to respond in compliance with local rules.

Petitioner brings this request to the attention of Magistrate Judge Kay pursuant to the consolidated order entered in Civil Action No. 05-2104 (CKK) by the Calendar and Case Management Committee of the United States District Court for the District of Columbia, which provides that matters "pertaining to logistical issues, such as communications with or visits to clients and counsel" are referred to Magistrate Judge Kay for resolution. *See* Order Referring All Motions Pertaining to Interpretation or Construction of Any Protective Order, Docket No. 5. Of course, this court, meaning Judge Kennedy, could handle this matter as he has handled other identical issues in other detainee cases. *See, e.g.*, *Mohammed v. Bush*, 05-cv-0879 (entering protective order post-DTA).

## FACTUAL BACKGROUND

Mr. Al-Asadi is presently detained in the Guantanamo Bay military prison. Prior to this Court's appointment of counsel, Mr. Al-Asadi had no meaningful way of securing legal representation for himself. It was only after he was appointed counsel that he filed his habeas corpus petition seeking release on November 9, 2005.

Prior to undersigned counsel's appointment, Respondents moved for a stay of proceedings in 32 cases, including Mr. Al-Asadi's case. *See* Respondent's Motion To Stay Proceedings Pending Related Appeals, Docket No. 6. Respondent sought a stay pending results of related appellate cases in order to prevent unnecessary duplicative litigation regarding similar issues. *Id.* at 2. However, Respondent specifically states in motion:

In seeking a stay, however, respondents, do not intend thereby to block counsel access to properly represented petitioner. To that end, *respondents do not object to entry of the protective order* previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access[3]. (emphasis added).

*Id.*

Undersigned counsel have completed the security clearance forms and are awaiting such clearance from the government. It is the undersigned's understanding that such process has been expedited. As soon as clearance is received, counsel plan to meet and confer with Mr. Al-Asadi at the military base in Guantanamo. It is the undersigned's understanding that unless and until the Amended Protective Order is entered, along with the Memorandum of Understanding,[4] (which undersigned are prepared to execute to gain access to Mr. Al-Asadi), no such attorney-client visit can occur.

This court should grant Petitioner's Motion Seeking Entry Of The Protective Order And Seeking Status Conference Or Hearing On Motion or, in the alternative, order the Respondents to respond in compliance with local rules.

### MEMORANDUM OF POINTS & AUTHORITIES

Undersigned counsel ask that the Court consider this issue relating to client visitation and access and enter the attached protective order so that Mr. Al-Asadi can meet with his appointed counsel. The fact that these cases have been stayed, pursuant to an order entered before counsel's appointment in the case is of no moment in determining whether counsel, who has been appointed

---

[3]After conferring with opposing counsel, it appears that Respondents are now opposing entry of the Amended Protective Order.

[4] While the undersigned may find the need to seek relief from certain portions of the Amended Protective Order, at this time, in order to be able to visit Mr. Al-Asadi, counsel are willing to sign the Memorandum of Understanding, reserving any right to bring future challenges if and when the need arises in the context of the case.

by the Court, can have access to the client to render legal advice and particularly, to familiarize the client with the American legal system and processes[5].

Respondents' position that because this court stayed "all action" in this case they need not comply with local rules and file a substantive opposition motion is unavailing. In fact, this very Court has entered a protective order after passage of the Detainee Treatment Act in a related case, *Mohammad v. Bush*, 05-cv-0879 (D.D.C., Jan. 9, 2006). Moreover, a number of other Judges in this District have similarly entered protective orders since passage of the DTA[6].

Respondents filed a similar notice declining to substantively respond to a motion to seek entry of the protective order in *Al-Khalaqui v. Bush*, 05-cv-0999. There, on May 26, 2006, Judge Walton ordered the respondents to file a response. A copy of the Notice of Electronic Filing of

---

[5]Indeed, Mr. Al-Asadi has genuine claims entitling him to relief. According to the Supreme Court, Mr. Al-Asadi's petition which reflects "allegations - that, although [he has] engaged neither in combat nor in acts of terrorism against the United States, [he has] been held in Executive Detention . . . without access to counsel and without being charged with any wrongdoing - unquestionably describe 'custody in violation of the Constitution or laws or treaties of the United States.'" *See Rasul v. United States*, 542 U.S. 466, 484 n.15 (2004). This is so notwithstanding new legislation enacted after the filing of Mr. Al-Asadi's habeas petition as it is at best questionable whether the new law applies to Mr. Al-Asadi's pending habeas petition and whether the constitutionally doubtful retroactive application of this new law would be upheld.

[6]*See, e.g.,Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006) (Urbina)
*Sohail v. Bush*, 05-cv-00993 (D.D.C. April 21, 2006) (Urbina)
*Al Salami v. Bush*, 05-cv-2452 (D.D.C. Apr. 14, 2006) (Friedman)
*Zadran v Bush*, 05-cv-2367 (D.D.C., Apr. 12, 2006) (Roberts)
*Alsaaei v. Bush*, 05-cv-2369 (D.D.C., Apr. 12, 2006) (Roberts)
*Said v. Bush*, 05-cv-2384 (D.D.C., Apr. 12, 2006) (Roberts)
*Al Shareef v. Bush*, 05-cv-2458 (D.D.C., Apr. 12, 2006) (Roberts)
*Awad v. Bush*, 05-cv-2379, (D.D.C. Apr. 11, 2006) (Robertson)
*Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006) (Huvelle)
*Razakah v. Bush*, 05-cv-2370 (D.D.C., Mar. 17, 2006) (Sullivan)
*Labed Ahmed v. Bush*, 05-cv-1234 (D.D.C., Mar. 2, 2006) (Sullivan)
*Wahab v. Bush*, 05-cv-886 (D.D.C., Jan. 10. 2006) (Sullivan)
*Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006) (Walton)
*Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006) (Robertson)
*Khiali-Gul v. Bush*, 05-cv-877 (D.D.C., Jan. 6, 2006) (Robertson).

the Minute Order is attached as Exhibit B.  At a minimum, respondents should be ordered to do

the same here.[7]

The Local Rules of the U.S. District Court for the District of Columbia govern the current

proceedings[8].  Specifically, LCvR 7 states:

> Within 11 days of the date of service or at such time as the Court may direct, an
> opposing party *shall* serve and file a memorandum or points and authorities in
> opposition to the motion.  If such a memorandum is not filed within the prescribed
> time, *the Court may treat the motion as conceded.* (emphasis added).

Here, rather than bothering to file an opposition motion with substantive points and

authorities, Respondents filed nothing more than notice of their refusal to comply with local rules.

If such is the case, this court has the power to treat Respondents' failure to comply with LCvR 7 as

a concession and grant Petitioner's Motion Seeking Entry Of The Protective Order And Seeking

Status Conference Or Hearing On Motion.  This court should do that at this time.  The only effect

of entering the Protective Order at this time is to facilitate court-appointed counsel's efficient and

timely access to their client, Mr. Al-Asadi.[9]

---

[7]Of course, Petitioner seeks entry of the protective order as such is consistent with other
courts' orders in this same district consistent with this court's apparent objective in appointing
counsel and consistent with the local rules.

[8]LCvR 1.1(a) reads:
### SCOPE AND CONSTRUCTION
These Rules govern all proceedings in the United States District Court
for the District of Columbia.  These Rules supplement the Federal
Rules of Civil and Criminal Procedure and shall be construed in
harmony therewith.

[9]  Indeed, the failure to enter the protective order in Mr. Al-Asadi's case while it was
entered in the case of a similarly-situated petitioner also represented by the undersigned's office,
appears to be inadvertent.  The Federal Defenders of San Diego, Inc. also represent Mr. Al-
Bihani in *Al-Bihani v. Bush*, 05-cv01312, Docket No. 4,  in which an Amended Protective Order
was entered notwithstanding a stay of proceedings pending the resolution of similar cases in the
D.C. Circuit Courts.  *See* Petitioner's Exhibit A.  As the litigation now stands, the Federal
Defenders of San Diego, Inc. may finally visit with one similarly-situated petitioner, but not Mr.

Mr. Al-Asadi filed his habeas petition on November 9, 2005, over five months ago. To date, counsel has been unable to procure any information about Mr. Al-Asadi. Without the ability to visit Mr. Al-Asadi or communicate with him, none of these requirements can be met and Mr. Al-Asadi is effectively denied the representation that this Court deemed necessary when the undersigned was appointed to this case[10].

---

Al-Asadi.

[10]The Federal Defenders of San Diego, Inc.'s "Unopposed Joint Motion for Substitution of Counsel and Appointment of Federal Defenders of San Diego" was filed on March 10, 2006. Docket No. 18. On March 16, 2006, the Honorable Henry H. Kennedy appointed the Federal Defenders of San Diego, Inc. to represent Mr. Al-Asadi. Docket No. 19.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court grant his motion. The relief Petitioner requests is necessary to allow Mr. Al-Asadi access to his court-appointed attorneys and allow for Petitioner to meaningfully petition this Court.  If this Court is not inclined to grant Mr. Al-Asadi's motion on this filing, Mr. Al-Asadi requests that he be granted an opportunity to address this Court at a hearing on this matter.  If possible, Mr. Al-Asadi further requests that the hearing be jointly calendared or heard on the same date as *Al-Khalaqi v. Bush*, 05-cv-00999.  Mr. Al-Khalaqi is also represented by the Federal Defenders of San Diego, Inc. and seeking entry of a similar Protective Order[11].

Dated:  June 8, 2006                                         Respectfully submitted,


                                                  /s/
                                                  **SHEREEN J. CHARLICK**
                                                  **ZAKI ZEHAWI**
                                                  Federal Defenders
                                                  225 Broadway, Suite 900
                                                  San Diego, CA 92101-5030
                                                  (619) 234-8467  (tel)
                                                  (619) 687-2666  (fax)
                                                  e-mail: Shereen_Charlick@fd.org
                                                           Zaki_Zehawi@fd.org

---

[11]The Federal Defenders of San Diego were appointed to represent Mr. Al-Khalaqi in *Al-Khalaqi v. Bush*, 05-cv-0999 on October 14, 2005.  Docket No. 5.  The request for the joint calendaring of the cases is based on an effort to efficiently manage the Federal Defender's of San Diego, Inc.'s time and funding.

## CERTIFICATION AND VERIFICATION

Counsel for Petitioner certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon Andrew Warden, counsel for Respondents.

Dated: June 8, 2006

_____/s/_____

**SHEREEN J. CHARLICK**
**ZAKI ZEHAWI**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Shereen_Charlick@fd.org
Zaki_Zehawi@fd.org