IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMED AHMED ALI AL-ASADI, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-02197 (HHK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION SEEKING ENTRY OF PROTECTIVE ORDER OR STATUS CONFERENCE**

Respondents hereby oppose petitioners' motion for entry of the protective order[1] or for a

status conference regarding entry of the order in this case (dkt. no. 22).[2]

---

[1]  See Amended Protective Order, In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174
(D.D.C. Nov. 8, 2004); Order Supplementing and Amending Filing Procedures Contained in
November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-
0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected
Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10,
2004).

[2]  On March 16, 2006, this Court stayed "all action" in the above-captioned case pending
resolution by the Supreme Court or D.C. Circuit of "serious questions concerning whether this
Court retains jurisdiction to hear the above-captioned case[]" after the Detainee Treatment Act of
2005 became law.  See March 16, 2006 Order (dkt. no. 20).  Because the Court stayed "all
action" in this case, on May 25, 2006, respondents filed a notice indicating that, absent further
direction from the Court, respondents did not intend to submit a substantive response to
petitioners' motion for entry of the protective order.  See Respondents' Notice Regarding
Petitioners' Motion for Entry of Protective Order (dkt. no. 23).  On June 9, 2006, the Court lifted
the March 16, 2006 order staying activity in this case with respect to petitioners' motion for entry
of the protective order or for status conference, and ordered respondents to respond to
petitioners' motion within ten days.  See June 9, 2006 Order (dkt. no. 25).  The Court indicated
that "[r]espondents' opposition need only address the merits of petitioners' motion as the court is
already aware of respondents' position regarding the court's jurisdiction over the subject matter

Because the Court is already familiar with respondents' position regarding the Detainee

Treatment Act's withdrawal of the habeas jurisdiction of the Court and investment of exclusive

jurisdiction in the Court of Appeals, see June 9, 2006 Order, respondents will not recite their

position here, except to state that the entry of the protective order in this case would be an

assertion of jurisdiction that would be inconsistent with the Act, and respondents' argument in

this regard is in no way immaterial or premature.[3]  See Steel Co. v. Citizens for a Better Env't,

523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see

also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the

law, and when it ceases to exist, the only function remaining to the court is that of announcing

the fact and dismissing the cause.").[4]

_____

of this action."  Id.  Respondents hereby submit the instant opposition to petitioners' motion
pursuant to the Court's June 9, 2006 Order.

    [3]  Respondents have understood that it is the sense of the Court that it wishes to await
anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any
pending motions.  Respondents previously intended to file a motion to dismiss this case based
upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt.
no. 12), but refrained from doing so when they were informed of the sense of the Court.  During
this interim period, respondents have permitted counsel visits and other privileged access to
properly represented detainees in cases where the protective order had already been entered, and
its requirements satisfied, pending a decision from the D.C. Circuit.  Once the Act's withdrawal
of the Court's jurisdiction became effective, however, respondents have consistently opposed
entry of the protective order in cases where it had not already been entered.  In any event,
respondents' position in this case prior to the enactment of the Act or their actions in other
Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that
permits the Court to grant the relief requested by petitioners in this case.  See Floyd v. District of
Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

    [4]  Petitioners' suggestion that the issue of entry of the protective order in this case is a
matter for decision by Magistrate Judge Kay, Pets' Mot. at 2, should be rejected.  Under Judge
Kessler's November 2, 2005 Order on behalf of the Calendar and Case Management Committee
entered in Guantanamo habeas cases pending as of that date, the reference to Judge Kay extends
only to "[m]otions pertaining to interpretation or construction of any protective order which has

In addition, petitioners possess no separate right of access to counsel that warrants the

application of the protective order to this action notwithstanding the Act's withdrawal of the

Court's jurisdiction over this case.  See Pets' Mot. at 4-7.  In Rasul v. Bush, 542 U.S. 466 (2004),

the Supreme Court held only that aliens detained at Guantanamo Bay can invoke the habeas

jurisdiction of a district court under 28 U.S.C. § 2241 — jurisdiction now withdrawn by the Act

— and did not address whether these detainees have any substantive rights, including the right to

counsel.  See id. at 484.  Similarly, in Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004),

Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the

habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority

now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint

counsel to represent Guantanamo petitioners properly before the Court, if warranted.  See id. at

4-5, 7-8.  Thus, contrary to petitioners' suggestion, notwithstanding the Act's withdrawal of

jurisdiction over this case, neither Rasul nor Al Odah compels the relief requested by petitioners.

Further, to the extent petitioners rest their request for relief on a constitutional due

process right, see Pets' Mot. at 4-5, it is unclear whether petitioner Mohammed Ahmed Ali Al-

Asadi — an alien enemy combatant detained outside the sovereign territory of the United States

during a time of war — has any cognizable Fifth Amendment rights.  See Hamdan v. Rumsfeld,

415 F.3d 33, 37 (D.C. Cir. 2005) (stating that "there is doubt" whether aliens detained at

---

been entered in any of the . . . [Guantanamo habeas] cases," id. ¶ 1, and "disputes pertaining to
logistical issues, such as communications with or visits to clients and counsel, . . . to facilitate
discussion and resolution by the parties as promptly as possible," id. ¶ 2.  Even if the Court's
November 2, 2006 Order were made applicable to this case, however, petitioners' motion
seeking entry of the protective order in this case in the first instance is excluded from ¶ 1 and,
moreover, is no mere "logistical issue" under ¶ 2.

Guantanamo can assert constitutional claims"); Khalid v. Bush, 355 F. Supp. 2d 311, 321-23

(D.D.C. 2005) (Leon, J.) (holding that aliens held at Guantanamo are not possessed of any

constitutional rights).[5]  In any event, regardless of the appointment of counsel to represent

petitioners in this case, the Act has withdrawn the Court's jurisdiction to hear or consider

petitioners' habeas claims.  Thus, the entry of the protective order or the issuance of any relief in

this case would be improper.

Finally, counsel argue that the Court should enter the protective order in this case so as to

purportedly enable counsel to comply with their own professional obligations under the ABA

Model Rules.  See Pets' Mot. at 7-8.  Of course, any professional obligation of petitioners'

counsel to investigate a matter[6] does not itself create a right to entry of the protective order, and

counsel cite no authority to the contrary.  Thus, counsel's professional obligations are not an

appropriate factor for the Court to consider in determining whether to enter the protective order

in this case.  In any event, such a factor would also be of no consequence here given the Act's

---

[5] The Khalid case and Judge Green's decision in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 464-78 (D.D.C. 2005), which concluded that Guantanamo detainees possess procedural due process rights to challenge the procedures used to confirm their status as enemy combatants, are on appeal to the D.C. Circuit and are under consideration on a consolidated basis.  See Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005); No. 05-5064 (D.C. Cir. Mar. 10, 2005).  Accordingly, the D.C. Circuit will decide whether and to what extent detainees at Guantanamo have any due process rights under the United States Constitution.

[6] Respondents dispute petitioners' counsel's allegation, see Pets' Mot. at 8 & n.6, that respondents' counsel have refused to provide counsel information regarding petitioner Mohammed Ahmed Ali Al-Asadi's status as an enemy combatant (petitioner in fact is classified as an enemy combatant) and his language ability.  While respondents typically have declined to respond to what are essentially informal discovery requests from counsel in the Guantanamo habeas cases, respondents' counsel routinely have informed counsel, upon request, of a represented detainee's enemy combatant status and language ability.  In fact, respondents' counsel have provided such information to petitioners' counsel's office with respect to other detainees that the office represents in other cases.

withdrawal of the Court's jurisdiction over this case, which prohibits the Court from granting any

relief in this proceeding.

For these reasons, respondents oppose petitioners' motion seeking entry of the protective

order or for a status conference regarding entry of the order in this case.

Dated: June 23, 2006                          Respectfully submitted,


                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              DOUGLAS N. LETTER
                                              Terrorism Litigation Counsel


                                                  /s/ Terry M. Henry
                                              JOSEPH H. HUNT (D.C. Bar No. 431134)
                                              VINCENT M. GARVEY (D.C. Bar No. 127191)
                                              TERRY M. HENRY
                                              JAMES J. SCHWARTZ
                                              PREEYA M. NORONHA
                                              ROBERT J. KATERBERG
                                              NICHOLAS J. PATTERSON
                                              ANDREW I. WARDEN
                                              EDWARD H. WHITE
                                              MARC A. PEREZ
                                              Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Ave., N.W.
                                              Washington, DC  20530
                                              Tel:  (202) 514-4107
                                              Fax:  (202) 616-8470

                                              Attorneys for Respondents