# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED AHMED ALI AL-ASADI,** <br><br> **HAFIZULLAH AHMED ALI AL-ASADI**, <br> Next Friend of Mohammed Al-Asadi <br><br> Guantánamo Bay Naval Station, <br> Guantánamo Bay, Cuba <br>          Petitioner <br><br>          v. <br><br> **GEORGE W. BUSH** <br>     President of the United States <br>     The White House <br>     1600 Pennsylvania Avenue, N.W. <br>     Washington, D.C. 20500; <br><br> **DONALD RUMSFELD** <br>     Secretary, United States <br>     Department of Defense <br>     1000 Defense Pentagon <br>     Washington, D.C. 20301; <br><br> **ARMY BRIG. GEN. JAY HOOD** <br>     Commander, Joint Task Force - GTMO <br>     APO AE 09360; and <br><br> **ARMY COL. MIKE BUMGARNER** <br>     Commander, Joint Detention <br>     Operations Group - JTF-GTMO <br>     APO AE 09360, <br><br>          Respondents | Case No. 05cv2197-HHK |

### REPLY TO THE RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION SEEKING ENTRY OF THE PROTECTIVE ORDER

Petitioner Al-Asadi seeks entry of the protective order which presently is the sole impediment preventing him from consulting with appointed counsel as counsel have now received the required security clearance. Counsel also represented several other detainees where the protective order has been entered. Counsel wish to make one trip to Guantanamo to visit all clients as this will be most efficient and cost-effective. Respondents set forth no good reason to continue to deny Mr. Al-Asadi access to his court-appointed counsel. Their primary reason, the supposed jurisdiction-stripping effect of the passage of the Detainee Treatment Act ("DTA") is no longer valid in light of the Supreme Court's recent decision in *Hamdan v. Rumsfeld*, 548 U.S. __, No. 05-184 (June 29, 2006). Because Mr. Al-Asadi filed his habeas petition on November 9, 2005, prior to the passage of the DTA on December 30, 2005, under *Hamdan*, the DTA does not apply to him. *Id*. at 11, 25 (concluding that the DTA does not apply to petitions pending at the time it was enacted).

## THERE ARE NO GROUNDS TO CONTINUE DENYING MR. AL-ASADI ACCESS TO COUNSEL

Respondents were ordered to respond to this motion and were told that its court was familiar with its contention that the DTA divested this court of jurisdiction to hear his claims. Notwithstanding this directive, Respondent's primary opposition to entry of the protective order involves their mistaken assumption that the DTA withdrew jurisdiction over this matter. See Response at 2 ("entry of the protective order in this case would be an assertion that would be inconsistent with the [DTA] Act"); *see id* at 4 ("the [DTA] has withdrawn the court's jurisdiction to hear or consider petitioner's habeas claims"); *see also id* ("In any event, [counsel's professional obligation] would also be of no consequence here given the [DTA]'s withdrawal of the court's jurisdiction over this case").

The premise underlying respondent's opposition was "withdrawn" to coin its phrase, in *Hamden* as noted above. *See Hamdan*, 548 U.S. __, No. 05-184 at 11 (applying principles of statutory construction to "rebut the Government's theory [that the DTA applied retroactively to

2

pending claims to divest jurisdiction from this Court]-- at least insofar as this case, which was pending at the time the DTA was enacted"). Since his petition was filed prior to the DTA's passage, Mr. Al-Asadi is unaffected by the DTA's purported "jurisdiction stripping" effects. There is now no reason why this case should be proceed in this Court.

Respondents do protest that there is no due process right to habeas counsel. Without conceding that point, there is statutory authority for appointment of counsel. This Court granted appointed counsel's motion to enter the case and prior to that, the Federal Defender's Office was requested by Chief Judge Hogan to assist in representing Guantanamo detainees under 18 U.S.C. §3006A. Under section 3006A, appointments of counsel are made whenever the court determines that such appointment for indigent individuals seeking habeas relief is "required by the interests of justice." 18 U.S.C. § 3006A(a)(2). Clearly, Judge Hogan and this Court have made those determinations by seeking the assistance of the undersigned's office and allowing the undersigned to appear as counsel in this case. Indeed, providing an indigent individual unfamiliar with the American legal system to have counsel to help him navigate it is in the "interests of justice" as well as the interests of good sense. Petitioner asks only that he be able to meet with his counsel so that he can seek justice and make sense of the system.[1]

In fact, it was respondent's position that these cases should be stayed to allow the unversed, non-English speaking petitioner's to obtain counsel. *See* Respondent's Motion to Stay Proceedings (dkt. no. 6). Perhaps, respondents will recommit to their prior position now that the DTA issue has been resolved.

It is also noteworthy that since the time of the filing of the original motion seeking entry of the protective order, even more courts have entered it, post DTA, in identical cases. *See, e.g.*, *Al-Khalaqi v. Bush*, No. 05-0999 (RBW).(collection cases) Exhibit A (Order) (dkt. no. 26). In *Al-Khalaqi*, Judge Walton cited to a number of cases where respondents, contrary to their stated

---

[1] The government cites no case where habeas counsel was appointed and the government was allowed to interfere with the attorney-client relationship.

position in their response, did not oppose entry of the protective order even post DTA. As it was in Mr. Al-Khalaqi's case, the protective order should be entered here, enabling counsel to meet with Mr. Al-Asadi.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant his motion.

Dated: June 30, 2006							Respectfully submitted,


								  /s/
								**SHEREEN J. CHARLICK**
								**ZAKI ZEHAWI**
								Federal Defenders
								225 Broadway, Suite 900
								San Diego, CA 92101-5030
								(619) 234-8467  (tel)
								(619) 687-2666  (fax)
								e-mail: Shereen_Charlick@fd.org
								         Zaki_Zehawi@fd.org

**CERTIFICATION AND VERIFICATION**

Counsel for Petitioner certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon Andrew Warden, counsel for Respondents.

Dated: June 30, 2006
/s/
**SHEREEN J. CHARLICK**
**ZAKI ZEHAWI**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
e-mail Shereen_Charlick@fd.org
Zaki_Zehawi@fd.org