IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MOHAMMED AHMED ALI AL-ASADI**, ) <br> ) <br> **HAFIZULLAH AHMED ALI AL-ASADI**, ) <br> Next Friend of Mohammed Al-Asadi ) <br> ) <br> Guantánamo Bay Naval Station, ) <br> Guantánamo Bay, Cuba ) <br>       Petitioner ) <br> ) <br>       v. ) <br> ) <br> **GEORGE W. BUSH** ) <br>    President of the United States ) <br>    The White House ) <br>    1600 Pennsylvania Avenue, N.W. ) <br>    Washington, D.C. 20500; ) <br> ) <br> **DONALD RUMSFELD** ) <br>    Secretary, United States ) <br>    Department of Defense ) <br>    1000 Defense Pentagon ) <br>    Washington, D.C. 20301; ) <br> ) <br> **ARMY BRIG. GEN. JAY HOOD** ) <br>    Commander, Joint Task Force - GTMO ) <br>    APO AE 09360; and ) <br> ) <br> **ARMY COL. MIKE BUMGARNER** ) <br>    Commander, Joint Detention ) <br>    Operations Group - JTF-GTMO ) <br>    APO AE 09360, ) <br> ) <br>       Respondents ) | Case No. 05cv2197-HHK <br><br> **MOTION TO LIFT STAY** |

**MOTION TO LIFT STAY**

The basis underlying the stay issued in this case, *i.e.,* uncertainty regarding this Court's jurisdiction, no longer exists. The Supreme Court resolved the issue in Mr. Al-Asadi's favor. This Court should lift the stay.

## I.

## BACKGROUND

On May 16, 2006, this Court stayed all action in this case "pending either the jurisdictional ruling of either the Supreme Court or the D.C. Circuit." Court Record ("CR") 20.

On June 29, 2006, the United States Supreme Court issued its decision in *Hamdan v. Rumsfeld*, 548 U.S. ___, 126 S. Ct. 2749 (2006). In *Hamdan*, the Respondents took the same position that they have taken in front of this Court: that the Detainee Treatment Act of 2005 ("DTA") divested jurisdiction over pending habeas petitions and allowed judicial review of a limited claim only to be heard in one forum: the D.C. Court of Appeals. *See Hamdan*, 126 S. Ct. at 2763.[1]

The Supreme Court concluded otherwise. It determined that the DTA did not strip the courts of jurisdiction over petitions for *habeas corpus* pending at the time the DTA was enacted. 126 S. Ct. at 2769 n. 15. The Court denied the government's subject matter jurisdictional challenge to federal courts' authority over Mr. Hamdan's *habeas* petition wherein he challenged the Executive's authority to prosecute and punish him and the procedures employed by the Executive, specifically, the proposed military commissions. *Id.*; *see also id*. at 2759. The Supreme Court rejected this section 1005(e)(1) argument after reviewing the statutory text and legislative history. It held that "§1005(e)(1) does not strip federal courts' jurisdiction over cases pending on the date of the DTA's

---

[1] Respondents previously argued that section 1005(e)(1) of the DTA which provides that no court shall have jurisdiction to consider "an application for a writ of habeas corpus filed by or on behalf of an alien detained by the Department of Defense at Guantanamo Bay, Cuba "applies to pending *habeas* petitions divesting this Court of jurisdiction over all Guantánamo cases. CR 29.

enactment." 126 S. Ct. at 2769 n.15.  Because *Hamdan* involved a *habeas* petition that was pending at the time of the enactment of the DTA, the exercise of jurisdiction was appropriate.  *Id.*

The Court decided this issue as a matter of statutory interpretation because Congress had not expressly stated that section 1005(e)(1) was to be applied retroactively to pending cases while it had so stated regarding sections 1005(e)(2) and 1005(e)(3).  *See id.* at 2764 (drawing a negative inference from the absence of the language dictating retroactive application in section 1005(e)(1)) (citing *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Since the Supreme Court has decided that this Court retains jurisdiction over habeas petitions pending when the DTA was enacted, this Court should lift the stay and address the merits of Mr. Al-Asadi's petition.  This Court has already done so in the case of *Zakirjan v. Bush*, 05-cv-2053 (HHK) (August 18, 2006 Order - attached as Exhibit A).

Respondents have already claimed to this Court, after having lost the section 1005(e)(1) argument, that it is now sections 1005(e)(2) and 1005(e)(3) which divest this Court of jurisdiction, *see* July 7, 2006 Notice, CR 29, ignoring the fact that these provisions did not operate as a jurisdictional bar to preclude Mr. Hamdan's habeas petition.  *See* 126 S. Ct. at 2769 & n.15.  Section 1005(e)(2) vests in the D.C. Circuit the "exclusive jurisdiction to determine the validity of any final decision of a [CSRT] that an alien is properly designated as an enemy combatant."   DTA §1005(e)(2).  Section 1005(e)(3) vests in the D. C. Circuit "exclusive jurisdiction to determine the validity of any final decision rendered pursuant to Military Commission Order No. 1, dated August 31, 2005 (or any successor military order)." DTA § 1005(e)(3)(A).  While the Court did not answer the question of whether or not "habeas cases pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s] within the meaning of subsection(e)(2) or (e)(3)" should be transferred to the District of Columbia Court of Appeals under these two subsections, *see Hamdan*, 126 S. Ct. at 2770 n.14, it concluded that because Hamdan was "not contesting any 'final decision' of a CSRT or military commission, his action does not fall within the scope of subsection (e)(2) or (e)(3)." *Id.*  Significantly, it noted that it is section 1005(e)(1) -- which

is not to be applied to pending petitions -- that "addresses jurisdiction in habeas cases and other actions "relating to any aspect of the detention," *Id*. at 2767.[2]  Because Mr. Al-Asadi's habeas corpus petition is not a challenge to the final decision of a CSRT or to a determination by a military tribunal, this Court has jurisdiction. He asserts numerous causes of action, challenging his unlawful detention and conditions of his confinement under the Fifth Amendment and the Eighth Amendment, he asserts common law due process doctrines, and he invokes the Geneva Convention, the Uniform Code of Military Justice and the Alien Tort Statute.  *See* CR 1 at 17-28.  He alleges that the Executive's conduct and policies exceed the bounds of Article II of the Constitution, CR 1 at 24, and he seeks declaratory and injunctive relief in addition to relief from unlawful detention -- *habeas corpus* – the remedy that permits him to demand either release to freedom or legal justification for imprisonment.[3]  In doing so he denies the legitimacy of the CSRTs and the procedures and processes under which he is presently detained.

This Court has already recognized, at least with regard to Mr. Zakirjan, another Guantanamo detainee, that it has jurisdiction to consider the merits of the petition and the Court has recently granted entry of the protective order for Mr. Al-Asadi over Respondents' repeated jurisdictional protestations.  *See* CR 32 (order granting Mr. Al-Asadi's request for entry of the protective order).

---

[2]  The Court recognized but did not reach the difficult constitutional and statutory questions posed by an interpretation of the DTA which would suspend the writ of habeas corpus, no less suspend it retroactively,  nor did it address the doctrine of constitutional doubt which counsels against construing the DTA in a manner which would raise such serious constitutional questions. *See id*. at 2769 n.15; *see also id*. at 2763-64.

[3]  This is the remedy which the Court has repeatedly recognized applies here.  *See, e.g., Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) (recognizing that habeas was proper vehicle to challenge indefinite detention -- both for aliens and citizens) *Rasul v. Bush*, 542 U.S. 466 (2004) (allowing habeas petitions filed by aliens at Guantanamo)

Under *Hamdan*, this Court has jurisdiction over Mr. Al-Asadi's habeas petition in which he makes broad challenges to his detention and the conditions of his confinement, among and which was pending when the DTA was enacted. *See* 126 S. Ct. at 2769, n.15.

Respectfully submitted,

Date: 8-24-06

/s/
**SHEREEN J. CHARLICK (CA147533)**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 685-3719