## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED AHMED ALI AL-ASADI**, <br><br>**HAFIZULLAH AHMED ALI AL-ASADI**, <br>Next Friend of Mohammed Al-Asadi <br><br>Guantánamo Bay Naval Station, <br>Guantánamo Bay, Cuba <br>   Petitioner <br><br>   v. <br><br>**GEORGE W. BUSH** <br>  President of the United States <br>  The White House <br>  1600 Pennsylvania Avenue, N.W. <br>  Washington, D.C. 20500; <br><br>**DONALD RUMSFELD** <br>  Secretary, United States <br>  Department of Defense <br>  1000 Defense Pentagon <br>  Washington, D.C. 20301; <br><br>**ARMY BRIG. GEN. JAY HOOD** <br>  Commander, Joint Task Force - GTMO <br>  APO AE 09360; and <br><br>**ARMY COL. MIKE BUMGARNER** <br>  Commander, Joint Detention <br>  Operations Group - JTF-GTMO <br>  APO AE 09360, <br><br>   Respondents | Case No. 05cv2197-HHK |

### RENEWED MOTION TO GRANT THE WRIT OF HABEAS CORPUS OR IN THE ALTERNATIVE TO ISSUE ORDER TO SHOW CAUSE AND ORDER FILING OF <u>FACTUAL RETURN</u>

NOW COMES Petitioner, by and through undersigned counsel, and files this renewed motion to grant the Great Writ of Habeas Corpus, or, in the alternative, to issue an Order to Show Cause and order a factual return.  This renewed motion is filed in response to the Court's September 11, 2006, order lifting the stay of proceedings in this case.

## FACTUAL BACKGROUND

Mr. Al-Asadi is presently detained in the Guantanamo Bay military prison.  He has been detained there for as long as four years.  No charges have ever been brought against him.  Nearly a year ago, on November 9, 2005, Mr. Al-Asadi petitioned this Court to issue the Writ of Habeas Corpus in his case.  Docket No. 1.  Subsequently, Respondents moved for a stay of proceedings in 32 cases, including Mr. Al-Asadi's case.  *See* Respondent's Motion To Stay Proceedings Pending Related Appeals, Docket No. 6.

Combined with the motion to stay, Respondents filed a response in opposition to immediate issuance of the Writ.  Id.  In their response, the government also opposed the issuance of an order to show cause or an order for a factual return.  Id. at 11-14.  Nevertheless, Respondents conceded that a factual return could be provided, if ordered, "over the next 10 to 12 weeks" from the date of their filing on December 2, 2005.  Id. at 13.

On March 16, 2006, the Court granted the Respondents' stay motion, raising concerns about the Court's jurisdiction in light of Congress's passage of the Detainee Treatment Act. Docket No. 20.  Up until and since that date, Respondents have not provided Mr. Al-Asadi's counsel with a single piece of information about his case, the status of his detention, or the status of his mental or physical condition.  Nevertheless, sometime in March or April of 2006, Respondents did release an unclassified summary of Mr. Al-Asadi's CSRT proceedings to the public as the result of a Freedom of Information Act suit instituted by the Associated Press.  See http://www.dod.mil/pubs/foi/detainees/csrt/ (last visited on September 16, 2006).

On June 29, 2006, the Supreme Court resolved the issue of this Court's jurisdiction raised by the passage of the DTA.  Hamdan v. Rumsfeld, 126 S. Ct. 2749 n.15 (2006).  On September

11, 2006, this Court lifted the stay in Mr. Al-Asadi's case. Mr. Al-Asadi still has not been provided with any information about the reasons for his detention.

## MEMORANDUM OF POINTS & AUTHORITIES

The Supreme Court has made clear that his Court has jurisdiction to proceed in this case. <u>Hamdan</u>, 126 S. Ct. at n.15. Issuance of the Writ, or, at a minimum, an order to show cause is therefore appropriate. Pursuant to 28 U.S.C. § 2243 (2006), "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto." The writ or order to show cause "*shall be returned within three days* unless for good cause additional time, not exceeding twenty days, is allowed." <u>Id.</u> (emphasis added). The time limits of § 2243 have been clearly exceeded. At least 127 days have passed since Mr. Al-Asadi filed his petition and the Court stayed his case. Seven days have passed since the Court lifted the stay. The petition must be granted or an order to show cause issued forthwith.

**A.     There is No Good Cause For Delaying Issuance of the Writ, An Order to Show Cause, or a Factual Return. To the Contrary, Good Cause Mandates an Expedited Return.**

As noted above, at least 134 days have passed--excluding any time during the stay of proceedings in this case--without the issuance of the writ or an order to show cause. If the Court is not inclined to immediately grant the Writ, an order to show cause should be issued forthwith. Even if we are to exclude the time prior to the Court's issuance of the stay, a point Mr. Al-Asadi is not willing to concede, this Court has thirteen days under the plain language of § 2243 to issue an order to show cause and demand a factual return. This, of course, assumes that there is good cause not to issue such an order immediately. As discussed below, there is not good cause for any further delay in the adjudication of this matter. Moreover, should the order issue, it should compel the Respondents to respond in an expedited fashion.

3

Mr. Al-Asadi is entitled to challenge his detention via an application for the Great Writ. Rasul v. United States, 124 S. Ct. 2686, 2699 (2004) (upholding the jurisdiction of federal courts "to determine the legality of the Executive's potentially indefinite detention fo individuals who claim to be wholly innocent of wrongdoing"). Indeed, Rasul could not have been clearer in its mandate that this Court hold a hearing. The court (1) observed that "Petitioners' allegations . . . unquestionably describe custody in violation of the Constitution or laws or treaties of the United States," id. at 2698 n.15, (2) held that 28 U.S.C. § 2241 confers on the district court jurisdiction to "hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base," id., (3) directed the government to "make [its] response to the merits of petitioners' claims," id. at 2689, and (4) "remand[ed] for the district court to consider in the first instance the merits of the Petitioners' Claims." Id.

These words are plain. The government is to respond, and this Court is to hear the case. Thus, Rasul supports entry of an order to show cause in this instance so that this Court can finally begin to do what the Supreme Court instructed more than two years ago: direct the government to make a response and address the merits of the case. There is no reason for further delay--certainly when the government has a record of obfuscating the truth about these individuals' detention. Habeas claims should always receive "a swift, flexible, and summary determination," Preiser v. Rodriguez, 411 U.S. 475, 495 (1973), and the facts of this case, including the indefinite nature of Mr. Al-Asadi's detention, Respondents' incessant manufacture of delay, and the time that Respondents already have had to prepare for their defense of Mr. Al-Asadi's detention, all warrant an expedited hearing on this matter.

Now that the jurisdictional issues have been resolved to this Court's satisfaction, there is no good cause for the Court to delay issuance of an order to show cause and proceed to a hearing on the merits. Nor is there any good cause for Respondents to be granted a delayed period in which to respond. They have had ample time to prepare in this matter and need no further time. In fact, their prompt release of materials in response to courts' orders, such as the unclassified

4

portions of detainees CSRT transcripts noted above, demonstrate that they can produce information expeditiously.[1]  Respondents therefore should be ordered to respond with a full factual return forthwith.

On the other hand, Respondents' reluctance to provide any meaningful information about the basis for Mr. Al-Asadi's detention to date, a period that has spanned many years, and Respondents' consistent strategy of delaying any process counsels for granting the Writ.  Even if the Court were to simply order a factual return and show cause response, it is not just likely, but certain, that the government will simply delay further and potentially extend Mr. Al-Asadi's unlawful detention for years to come.

Moreover, the unclassified transcripts from Mr. Al-Asadi's CSRT proceeding warrant immediate issuance of the Writ.  Even if the allegations alleged are true, nothing in the transcript accuses Mr. Al-Asadi of engaging in hostilities against the United States or its "coalition partners."  At worst, Mr. Al-Asadi came to Afganistan long before September 11, 2001, or the commencement of any "hostilities" in that country.  If the allegations are to be believed, at some point Mr. Al-Asadi was given a weapon and "guarded" a Taliban camp whose purpose appears to be unknown.  There is absolutely no indication that Mr. Al-Asadi even saw an American soldier, member of the Northern Alliance or any other individual, much less engaged in hostilities against them.  Under even the most expansive definition of what constitutes an "enemy combatant," the facts of this case do not justify Mr. Al-Asadi's detention.

---

[1] To the extent that Respondents might argue that the FOIA release of the CSRT transcripts are sufficient to give Petitioner notice of the basis for his detention, such a claim, at least in Mr. Al-Asadi's case, is wholly without merit.  As a review of the attached CSRT release in Mr. Al-Asadi's case demonstrates, there are significant gaps in the transcript, including the absence of the "Unclassified Summary of Evidence,"  the "Detainee Election Form" from which numerous statements by Mr. Al-Asadi were not recorded, and of course, the classified evidence that at least Mr. Al-Asadi's counsel would be entitled to review, even if such evidence cannot be shared with Mr. Al-Asadi.  See Exhibit A.

If the Court instead issues an order to show cause, Mr. Al-Asadi's need for the factual return outweighs the minimal administrative burden of production on government Respondents. In fact, Mr. Al-Asadi's need is great. His counsel have been authorized to meet with Mr. Al-Asadi for the first time at Guantanamo in one month on October 24, 2006. Such visits entail significant governmental resources for both respondents and appointed counsel. Providing these materials prior to counsels' visit to Guantanamo can only serve to maximize the limited time that counsel have been provided to meet and confer with Mr. Al-Asadi.

Mr. Al-Asadi understands that the D.C. Circuit is currently considering issues of common interest to the various Guantanamo cases, including the procedures by which a hearing may go forward. However, the uncertainty of what procedures may apply, the scope of the hearing, or the causes of action that may go forward in no way prohibit or counsel delay in moving forward with the preliminary step of ordering Respondents to file a return in this case.

**B.    Several Courts Have Ordered Factual Returns.**

Although some courts have declined to require factual returns during the pendency of the stay, several other judges have taken the opposite approach, demonstrating that the relief that Petitioner requests is not overly burdensome to Respondents.

Under similar situations in other Guantanamo detainee cases, at least nine Judges of this District have required Respondents to provide factual returns despite the issuance of stay orders in 26 cases. See, e.g., Mamet v. Bush, No. 05-1602 (Sept. 30, 2005); Ameziane v. Bush, No. 05-0392, 2005 U.S. DIST LEXIS 6560, *5 (D.D.C. Apr. 12, 2005); M.C. v. Bush, No. 05-0430 (Apr. 13, 2005). In Manet, Ameziane, and M.C., Judge Huvelle granted Respondents a stay but held, "to ensure that the proceedings can continue in an orderly fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns . . . within ninety days of the date of this Order." Similarly, on August 22, 2005, Judge Urbina granted Respondents' motion for a stay, yet ordered Respondents to show cause why the writ should not be granted. *Hatim v. Bush*, No. 05-1429 (Aug. 22, 2005). In so doing, Judge Urbina explicitly rejected

Respondents' arguments that a factual return was not necessary because of the pending appeals, and that requiring Respondents to provide factual returns was burdensome:

> The fact that the D.C. Circuit has not yet issued its decision in related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing returns.  On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients . . . Finally, the government's generic references to the expenditure of its resources and "logistical burden" does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Id. at 3 (internal citations omitted).

A similar result has been ordered by seven other Judges in at least 22 other Guantanamo detainee cases.  In Al-Shabany v. Bush, No. 05-2029 (Nov. 17, 2005), Judge Bates granted a stay, but ordered a factual return.  In Zaid v. Bush, No. 05-1646 (Oct. 25, 2005) and Al-Anazi v. Bush, No. 05-345, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005), Judge Bates also granted Respondents a stay, but ordered a factual return, finding it "necessary" because "even initial conversations by counsel with their clients may be very difficult without access to the basic factual information."  In Sadkhan v. Bush, No. 05-1487 (Nov. 4, 2005), Judge Collyer granted respondents' motion for a stay pending related appeals, but ordered respondents to submit factual returns no later than January 3, 2006.  In Mokit v. Bush, No. 05-621 (June 16, 2005) and Al-Wazan v. Bush, No. 05-0329 (June 14, 2005), Judge Friedman granted stays, but ordered factual returns.  In *Al-Mohammed v. Bush*, No. 05-00247 (Apr. 30, 2005), Judge Kennedy granted a stay, but ordered factual returns, holding that counsel for petitioners "must have access to them in order to develop a meaningful understanding" of the basic facts and to "prepare for consultation with their clients."  In Al-Adahi v. Bush, No. 05-280 (Apr. 29, 2005);  Al Joudi v. Bush, No. 05-301 (Apr. 29, 2005) and Alhami v. Bush, 05-359 (June 9, 2005), Judge Kessler ordered factual returns despite granting Respondents' motion for a stay, "to ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules."  In Ahmed v. Bush, No. 05-665, 2005 U.S. DIST. LEXIS 14024, *5 (D.D.C. July 8, 2005), Adem v.

Bush, No. 05-634 (June 6, 2005), Al Daini v. Bush, No. 05-634 (June 6, 2005), and El-Banna v. Bush, No. 05-114, Abdullah v. Bush, No. 05-23, and Al Rashaidan v. Bush, No. 05-586 (Apr. 8, 2005), Judge Richard Roberts granted Respondents' motions for stay but ordered factual returns within 30 days after entry of the relevant protective order.  In Slahi v. Bush, No. 05-881 and Chaman v. Bush, 05-887 (June 16, 2005), Judge Richard Roberts also granted stays, but ordered factual returns by July 15, 2005.  In Battayav v. Bush, No. 05-0714 (May 18, 2005), Judge Walton granted a stay, but ordered factual returns, rejecting Respondents' arguments that factual returns during the pendency of the relevant appeals was "extremely burdensome" and made "no sense."  In Bin-Amir v. Bush, No. 05-1724 (Oct. 5, 2005), Al-Hela v. Bush, No. 05-1048 (June 9, 2005) and Qayed v. Bush, No. 05-0454 (Apr. 19, 2005), Judge Urbina also granted Respondents a stay, but ordered factual returns.

    Considering that this Court has already lifted the stay in Mr. Al-Asadi's case, there is even more reason to order a factual return in order that proceedings may go forward in an orderly and expeditious fashion.

    Counsel is also aware that Respondents rely upon Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to argue that "a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243."  See Reply in Support of Stay, Docket No. 14 at 2-3.  Fair enough, but Respondents' reading of the stay is not that it extends a deadline, but rather that it can indefinitely stay the necessity to set such a deadline.  The language of Rule 4 does not explicitly authorize an indefinite stay of the obligation to file a factual return, nor does commentary to the Rule seem to contemplate such a stay.  More importantly, Rule 4, even if applicable to these proceedings, in no way appears to limit the time frame for the Court to issue an order forthwith.

    In fact, one Circuit has specifically noted that it "has never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case."  See Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000).  None of the cases cited by Respondents, see Reply at 2-3,

approve of the sort of "indefinite, potentially lengthy stay in a habeas case" condemned in Yong. See, e.g., Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) (appeal from district court's ruling allowing a late response to be filed rather than entering a default judgment); Castillo v. Pratt, 162 F. Supp.2d 575, 577 (N.D. Tex. 2001) (denying petitioner's motion to expedite); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (rejecting challenge to an extension of time in which to file a response). Broadly interpreting Rule 4 to justify even the ten to twelve week period requested by Respondents for providing a response and factual return, much less to justify even a delay in issuing an order requiring a factual return would thus raise significant issues with respect to the interpretation of section 2243 and Rule 4, issues that Respondents' cases do not address. To the contrary, issuing an order that permits at least the filing of a factual return will honor the Supreme Court's recognition that section "2241 and its companion provisions [including section 2243] provide at least a skeletal outline of the procedures to be afforded a petitioner in federal habeas review." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004).

**C.    Petitioner Cannot Receive Adequate Assistance of Counsel if Counsel is Unaware of the Basis for His Detention.**

Finally, Respondents have previously asserted that because counsel cannot share classified information with Petitioner, "there is no reason why counsel need access to a factual return at this time." See, e.g., Respondents Opposition, Docket No. 6-1 at 12.. This incorrect; there are several important reasons why counsel need a factual return in order effectively to represent Petitioner. Indeed, several judges in the district have recognized these reasons in the orders detailed in section B above. Moreover, even if counsel cannot share the information with Petitioner, counsel may still, consistent with any protective order, employ that information in the legal and factual analysis of Petitioner's case. Certainly, Petitioner's counsel would be in a far better position to assert Petitioner's interests and to ensure expeditious resolution of Petitioner's claims, once the substantive issues are resolved, if Petitioner's counsel was not fully ignorant of

9

the facts of Petitioner's case.  This is particularly true considering the fast-approaching date of counsels' meeting with Petitioner at Guantanamo.

Moreover, Respondents' dire warnings of a "cascade effect" should Petitioner be granted a factual return is another overstatement.  <u>See</u> Opposition, Docket No. 34-1 at 7.  In section B above, Petitioner has detailed several cases in which returns were granted.  If there was a "cascade effect" resulting from any of those orders, Respondents surely would have brought that to the Court's attention.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant his motion, and order Respondents to file a factual return within a reasonable period of time.

Dated: September 19, 2006                      Respectfully submitted,

   /s/
**SHEREEN J. CHARLICK**
**ELLIS M. JOHNSTON**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Shereen_Charlick@fd.org
       Ellis_Johnston@fd.org

## CERTIFICATION AND VERIFICATION

Counsel for Petitioner certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon Andrew Warden, counsel for Respondents.

Dated: September 19, 2006

/s/
**SHEREEN J. CHARLICK**
**ELLIS M. JOHNSTON**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail Shereen_Charlick@fd.org
          Ellis_Johnston@fd.org