IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **MOHAMMED AL-ASADI,** ) | |
| Guantánamo Bay Naval Station, ) | |
| Guantánamo Bay, Cuba ) | |
| ) | |
| **HAFIZULLAH AHMED ALI AL-ASADI**, ) | |
| Next Friend of Mohammed Al-Asadi ) | |
| Petitioner, ) | |
| ) | |
| Guantánamo Bay Naval Station, ) | |
| Guantánamo Bay, Cuba ) | |
| ) | |
| v. ) | |
| ) Case No. 05cv2197-HHK | |
| **GEORGE W. BUSH** ) | |
| President of the United States ) | |
| The White House ) JUDGE HENRY K. KENNEDY | |
| 1600 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20500; ) | |
| ) | |
| **DONALD RUMSFELD** ) | |
| Secretary, United States ) **EMERGENCY MOTION** | |
| Department of Defense ) **FOR ISSUANCE OF AN ORDER TO** | |
| 1000 Defense Pentagon ) **SHOW CAUSE WHY RESPONDENTS** | |
| Washington, D.C. 20301; ) **SHOULD NOT BE HELD IN** | |
| ) **CONTEMPT FOR VIOLATING** | |
| **ARMY BRIG. GEN. JAY HOOD** ) **THIS COURT'S NOVEMBER** | |
| Commander, Joint Task Force - GTMO ) **29, 2005 ORDER** | |
| JTF-GTMO ) | |
| APO AE 09360; and ) | |
| ) | |
| **ARMY COL. MIKE BUMGARNER** ) | |
| Commander, Joint Detention ) | |
| Operations Group, JTF - GTMO ) | |
| JTF-GTMO ) | |
| APO AE 09360 ) | |
| Respondents. ) | |

_____)

1

**MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY RESPONDENTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THIS COURT'S NOVEMBER 29, 2005 ORDER.**

Petitioner Mohammed Al-Asadi, through undersigned counsel, requests that this Court issue an order to show cause as to why Respondents should not be held in contempt for violating this Court's November 29, 2005, Order when they transported and removed Petitioner Al-Asadi from Guantanamo Bay, Cuba into continued detention in Yemen without providing the required 30-days notice.

**I.**

**FACTUAL BACKGROUND**

Mr. Al-Asadi was detained in the Guantanamo Bay military prison for almost five years without any charges ever having been brought against him. On November 9, 2005, he petitioned this Court to issue the Writ of Habeas Corpus in his case. Docket No. 1. On this same date, prior counsel for Mr. Al-Asadi, the Center for Constitutional Rights ("CCR") filed a motion seeking 30-days notice before any transfer of Mr. Al-Asadi. Docket No.3. In this motion, Petitioner specifically identified his fear of being "transferred to another country where he will be tortured and/or indefinitely detained without due process of law." *Id*. at 2. He also noted that transfer to detention in Yemen posed these concrete possibilities as our own State Department has acknowledged that such practices occur in Yemen. *See id*. (citing Dept. of State, *Country Reports on Human Rights Practices, Yemen, 2004*, available at http://www.state.gov/g/drl/rls/hrrpt/2004/41736.htm, §1(c). Then counsel for Mr. Al-Asadi relayed her personal encounters with a former Guanatanamo detainee who was tortured and indefinitely detained at a prison in Sana'a, Yemen, after his "release" from Guantanamo Bay. *Id*. at 4; *see also* Declaration of Tina Monshipour Foster.

This Court granted that motion on November 29, 2005. Docket No. 5. This Court's Order granting petitioner's motion, stated: "that Respondents shall provide petitioner's counsel and the court with 30 days notice prior to transporting or removing petitioner from Guantanamo Bay Naval Base unless such transportation or removal is for the purpose of releasing petitioner. Al-Asadi from detention." Docket No. 5.

While the case had been stayed, *see* Docket No. 20, the Court lifted that stay on September 11, 2006, and subsequently ordered the production of a factual return. Mr. Al-Asadi's counsel traveled to Washington, D.C., and reviewed the factual return and began preparing a traverse seeking his release. This process was interrupted because the undersigned had to travel to Guantanamo Bay to visit with Mr. Al-Asadi and was unable to get back to Washington, D.C., to complete the traverse. The Court was provided with the factual return in its entirety, including the classified portions. Docket No. 42.[1]

While the undersigned was attempting to make travel arrangements to return to the secure facility in Washington, D.C., counsel for Respondents sent an e-mail informing the undersigned that Mr. Al-Asadi had been released to Yemen. *See* Exhibit A, e-mail from Department of Justice. No advance notice of this transfer was provided. The e-mail contained a link to a Department of Defense bulletin which indicated that some detainees had been transferred to Yemen and one transferred for release (the undersigned assumes the one transferred for release was Mr. Al-Asadi). The undersigned sought confirmation that this transfer was actually for release in light of this Court's order. The Respondent's counsel indicated that the

---

[1] The factual return supports a true release of Mohammed Al-Asadi -- not a release to continued detention.

transfer was for release, and was thus consistent with the Court's Order.

On December 19, 2006, the undersigned managed to locate an arabic translator and place an international call to Yemen to Mr. Al-Asadi's family. She was informed that Mr. Al-Asadi had not been released but was actually being detained at a political security prison near the airport in Sana'a Yemen. The family was attempting to visit Mr. Al-Asadi there. The undersigned also received a communication from a human rights organization in Yemen indicating that Mr. Al-Asadi was in jail and that they could obtain no further information about his detention.

The Respondent's counsel maintains that this detention is the doing of the Yemeni government and they lack the ability to influence this decision to detain Mr. Al-Asadi. In light of the Department of Defense bulletin which indicates that some individuals were transferred for purposes other than release, it appears that Respondents have the power to ensure that specific individuals are transferred for actual release while others are transferred for further detention, but did not exercise it here.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court has the power and authority to enforce its own orders and to order that the Respondents show cause as to why they should not be held in contempt. Respondent's defenselink indicates that they have the ability to communicate to the Yemeni government the intended purposes for the transfer of Guantanamo detainees. *See* Exhibit "A" (indicating that the United States "released" individuals to foreign countries for different purposes, i.e., for "transfer" or "release"). Respondents should demonstrate with evidence that they exercised this capacity and communicated to the government of Yemen that Mr. Al-Asadi was supposed to be released

and that his transfer to Yemen was for release rather than further detention. They should also be required to demonstrate that the transportation and removal of Mr. Al-Asadi from Guantanamo Bay Naval Base was an actual release -- if they deposited Mr. Al-Asadi with the Yemeni authorities for continued detention which seems to be what occurred here, then they have violated this Court's Order and must be held to answer for their actions.

This Court's authority to enforce its orders and punish willful infractions thereof is of ancient origin and well established. *Chilcutt v. United States*, 4 F.3d 1313, 1327 n.38 (5th Cir. 1993). The seventeenth section of the Judiciary Act of 1789 provided that all federal courts "shall have power ... to punish by fine or imprisonment, at the discretion of said courts, all contempts of authority in any cause or hearing before the same." *Id*. In *Ex parte Robinson,* 86 U.S. (19 Wall.) 505, 22 L.Ed. 205 (1873), Justice Field wrote:

> The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice. *The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power.*

*Id.* (emphasis added); *see also United States v. Hudson and Goodwin,* 11 U.S. (7 Cranch) 32, 33, 3 L.Ed. 259 (1812) (asserting that "[t]o fine for contempt-imprison for contumacy-inforce the observance of order, &c. are powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others ..."). Here, this Court has the authority to issue an order to show cause as to why Respondents should not be held in contempt for disobeying this Court's order by transporting and removing Mr. Al-Asadi to Yemen where he is not released but remains, as he was at Guantanamo Bay, a prisoner. The Court should exercise that authority. For

Petitioner, what he identified as his fear -- transfer to Yemen where torture is sanctioned and indefinite detention without due process of law occurs -- has come to fruition in spite of this Court's order that 30-days notice be given to undersigned counsel and the Court.

Had notice been provided, the undersigned could have become involved with this process and contested the removal, or otherwise sought to ensure that it was actually for "release" by working with the Yemeni contacts made when individuals from the Federal Defender Office traveled to Yemen last year.

It is undisputed that no notice was provided and that Mr. Al-Asadi is still detained. The Respondents should be held to answer for their actions.

WHEREFORE, for the foregoing reasons, Mr. Al-Asadi, by and through counsel, asks this Honorable Court to issue an Order to Show Cause as to why Respondents should not be held in contempt.

Dated:  December 21, 2006                             Respectfully submitted,


/s/_____
**SHEREEN J. CHARLICK (CA147533)**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 685-3707

# CERTIFICATE OF SERVICE

I, Shereen J. Charlick, hereby certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

The Honorable Alberto Gonzales
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

The Honorable Kenneth L. Wainstein
United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Terry Marcus Henry, Esq., Senior Trial Attorney
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Ave., NW, Suite 7144
Washington, DC 20044


Dated:  December 21, 2006

/s/_____
SHEREEN J. CHARLICK
Counsel for Petitioner